UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| RALPH RICHARDSON, <br><br> Plaintiff, <br><br> v. <br><br> ST. JOSEPH COUNTY JAIL, et al., <br><br> Defendants. | CAUSE NO. 3:22-CV-938-JD-MGG |

OPINION AND ORDER

Ralph Richardson, a prisoner without a lawyer, filed a complaint. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Richardson alleges that, on April 27, 2022, $1,160.00 was placed in his inmate trust account. He did not know who deposited the money, but he thought it was from family or friends, or perhaps a refund from a lawyer he was expecting. He spent the money on commissary goods. In September, he was notified that the deposit was made in error and the money must be repaid. Now when friends or family make deposits, the jail applies the money toward the repayment of the funds placed in his account in error.

He is unable to buy commissary goods and feels he is being punished for a mistake he did not make.

Richardson does not appear to question that the funds were erroneously deposited in his account; rather, he questions whether he should be required to repay these funds. Nonetheless, to the extent Richardson is claiming that his funds are being taken without due process of law, his complaint does not state a claim. The Fourteenth Amendment provides that state officials shall not "deprive any person of life, liberty, or property, without due process of law . . .." But, a state tort claims act that provides a method by which a person can seek reimbursement for the negligent loss or intentional depravation of property meets the requirements of the due process clause by providing due process of law. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984) ("For intentional, as for negligent deprivations of property by state employees, the state's action is not complete until and unless it provides or refuses to provide a suitable post deprivation remedy.") Indiana's tort claims act (Indiana Code § 34-13-3-1 *et seq.*) and other laws provide for state judicial review of property losses caused by government employees, and provide an adequate post deprivation remedy to redress state officials' accidental or intentional deprivation of a person's property. *See Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir. 2001) ("Wynn has an adequate post deprivation remedy in the Indiana Tort Claims Act, and no more process was due.").

"The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). However, "courts have broad

discretion to deny leave to amend where . . . the amendment would be futile." *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009). For the reasons previously explained, such is the case here.

    For these reasons, this case is DISMISSED under 28 U.S.C. § 1915A.

    SO ORDERED on January 3, 2023

                                      /s/JON E. DEGUILIO
                                      CHIEF JUDGE
                                      UNITED STATES DISTRICT COURT